IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CECILIA L. POE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:06cv432 |
| | § | |
| FIRST FRANKLIN FINANCIAL | § | |
| CORPORATION and GLG | § | |
| MORTGAGE, L.P., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Now before the Court are Defendant First Franklin Financial Corporation's Amended Motion for Summary Judgment (Dkt. 56) and Defendant GLG Mortgage L.P.'s Amended Motion for Summary Judgment (Dkt. 58). Having reviewed the motions and Plaintiff's responses and the arguments and authorities cited therein, the Court finds that they should be granted.

### BACKGROUND

In March 2003, Plaintiff Cecilia Poe received a loan to purchase a home in Frisco, Texas. At the core of this lawsuit is the $5,397 yield spread premium fee paid by Defendant First Franklin, Poe's original lender, to GLG Mortgage L.P. ("GLG"), her broker, for services performed to make this loan possible. Poe's claims are based on her assertions that she did not receive various disclosures at the time of closing. As a result, Poe seeks to rescind the loan and alleges violations of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"), breaches of the UCC duty of good faith and fair dealing, and unjust enrichment against Defendants.

Defendants argue that the yield spread premium fee was first disclosed on September 12, 2003, and subsequently, at closing, in multiple documents, including the Settlement Statement that is attached to Poe's complaint. Defendants further allege that First Franklin timely disclosed all items required by RESPA and TILA, either at the time it received Poe's loan application on September 12, 2003, or at closing on October 3, 2003, almost three years before Poe filed suit on September 18, 2006.

## STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 7 31 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37

F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case.  *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14).  Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial.  *Stults*, 76 F.3d at 655.  The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact.  E.D. TEX. LOCAL R. CV-56(d).  Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden.  *Stults*, 76 F.3d at 655.

## ANALYSIS

Defendants argue that Plaintiff's claims are barred by the statute of limitations because she did not file suit until almost three years after closing.  The Court agrees.

Congress enacted RESPA "to ensure that real estate consumers 'are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices.'" *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003) (quoting 12 U.S.C. § 2601(a)).  To this end, RESPA prohibits any person from giving or accepting "any fee, kickback, or thing of

value pursuant to any agreement or understanding ... that business incident to or a part of a real estate service ... shall be referred to any person," 12 U.S.C. § 2607(a), and from accepting any unearned fee in relation to a settlement service, 12 U.S.C. § 2607(b).

As a general rule, any private action for a violation of 12 U.S.C. § 2607, the prohibition against unearned fees under RESPA, must be brought within one year of the occurrence of the violation. 12 U.S.C. § 2614. Similarly, the time period to bring an action for a TILA violation is one year from the date of the alleged violation. 15 U.S.C. § 1640(e). Here, the date of occurrence of the violation was October 3, 2003, the date of the closing when GLG earned its broker's fee. *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 358 (5th Cir. 2003). Poe did not bring suit until September 18, 2006 — almost three years after closing. Thus, under the general one-year statute of limitations for TILA and RESPA, her claims are time-barred.

TILA, however, contains an exception to the one year limitations period when a debtor asserts a TILA violation a matter of defense by recoupment. 15 U.S.C. § 1640(e). Plaintiff relies on this recoupment defense to justify why her claims should not be barred by limitations. However, despite Plaintiff's efforts, her claims cannot be saved here.

To successfully maintain a recoupment claim, a debtor, like Plaintiff here, must establish three elements: (1) the TILA violation and the debt are products of the same transaction; (2) the debtor asserts the claim as a defense; and (3) the main action is timely. *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 634 (5th Cir. 1986). "When the debtor hales the creditor into court . . ., the claim by the debtor is affirmative rather than defensive." *Id.* The three-year exception is therefore not applicable if the debtor is the party seeking relief from the court. *Id.*

The Court finds that Plaintiff's claims do not fall within the recoupment defense. There is no action by Defendants to collect a debt here. It is Plaintiff who is seeking affirmative relief from Defendants in this case. Indeed, there are no allegations or supporting evidence before the Court that either Defendant has initiated foreclosure proceedings or attempted to collect any debt from her. In fact, even if it were admissible, the supplemental evidence offered by Plaintiff supports Defendant's contention that First Franklin no longer owns Plaintiff's loan; rather Saxon Mortgage Services, Inc. – which is not a party to this action and seeks no affirmative relief here – apparently does. Plaintiff has not shown how any foreclosure proceedings initiated by Saxon Mortgage Services, Inc. creates a recoupment claims as to her claims against Defendants, and this Court declines to create such a defense here. Under the plain statutory language, Plaintiff's RESPA and TILA claims were not timely brought.

In addition to her statutory claims, Plaintiff's other claims, assuming they state a legally cognizable claim under these facts, are also time-barred. A two-year limitations period applies to unjust enrichment claims. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Wagner & Brown, Ltd. v. Horwood,* 58 S.W.3d 732, 737 (Tex. 2001); *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 410 (5th Cir. 2004). Claims of breach of the duty of good faith and fair dealing are similarly subject to a two-year statute of limitations period. *Askanase v. Fatjo*, 130 F.3d 657, 666 (5th Cir. 1997). Poe learned of the brokerage fees, at the very latest, on October 3, 2003, and there is no evidence before this court that would suggest that the limitations clock did not start running at that time.

For these reasons, the Court also rejects Plaintiff's equitable tolling argument. Equitable tolling is permissible only under "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d

806, 811 (5th Cir. 1998). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). It is well-settled that equitable tolling is not warranted merely because a petitioner is not well-versed in the law. "[I]gnorance of the law or of statute of limitations is insufficient to warrant tolling." *Felder v. Johnson,* 204 F.3d 168, 172 (5th Cir. 2000).

Plaintiff has not offered any evidence here that either Defendant ever concealed the yield spread premium or the charging of a brokerage fee, and it is her undeniable summary judgment burden to do so. Indeed, the summary judgment record indicates quite the contrary. Various documents produced by Plaintiff disclose a brokerage fee to be charged by GLG or address generally the issue of the broker charging fees, and most are signed and dated by Plaintiff, acknowledging she had read and understood them.

In light of this evidence, the Court notes that even if Plaintiff were able to avoid the preclusive bar of statute of limitations here, the summary judgment evidence before it indicates the yield spread premium was disclosed in the documents given to Plaintiff at the time of closing. Plaintiff has not offered any summary judgment evidence to rebut this.

Poe's claims for affirmative relief are, therefore, barred by the statutes of limitation. As such, Defendants' motions for summary judgment are granted, and Plaintiff's claims are dismissed with prejudice.

**SO ORDERED.**

**SIGNED** this 27th day of September, 2007.

6

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE